A CERTIFIED TRUE COPY
ATTEST

By April Layne on Aug 22, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 22, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NUVARING PRODUCTS LIABILITY
LITIGATION     MDL No. 1964

### TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in eleven actions[1] have moved, pursuant to 28 U.S.C. § 1407, for centralization of those actions in the Eastern District of Missouri. Plaintiff in a potential tag-along action pending in the Southern District of Florida supports centralization in the Eastern District of Missouri or, alternatively, the Southern District of Florida. Responding defendants[2] oppose centralization and, alternatively, support selection of the District of New Jersey as the transferee district.

This litigation currently consists of eleven actions listed on Schedule A and pending in the following districts: seven actions in the District of New Jersey, three actions in the Eastern District of Missouri, and an action in the Northern District of Georgia.[3]

On the basis of the papers filed and hearing session held, we find that these eleven actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions concerning allegations relating to the manufacture, sale, and safety profile of the NuvaRing contraceptive. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the

---

[1] Plaintiffs' motion originally included another 51 actions pending in the District of New Jersey that have since been remanded to state court; the Panel's consideration of these actions is therefore moot.

[2] Organon USA Inc.; Organon Pharmaceuticals USA Inc. LLC; and Organon International Inc.

[3] In addition to the eleven actions now before the Panel, the parties have notified the Panel of seven related actions pending as follows: an action each in the Middle District of Alabama, the Southern District of Florida, the Eastern District of Missouri, the District of New Jersey, the Eastern and Northern Districts of New York, and the Western District of Oklahoma. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

resources of the parties, their counsel and the judiciary.

Defendants opposing centralization argue, *inter alia*, that (1) any common factual questions among the actions will be outweighed by unique inquiries which will depend on each respective plaintiff; and (2) alternative means of coordination among the actions would be preferable to centralization. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. All actions arise from a common factual core – namely, the marketing and/or use of the NuvaRing contraceptive. A total of eighteen actions and potential tag-along actions are currently pending in eight districts. Voluntary efforts to coordinate discovery, while laudable, could prove unwieldy. Centralizing these actions under Section 1407 will ensure streamlined resolution of this litigation to the overall benefit of the parties, their counsel, and the judiciary.

On balance, we are persuaded that the Eastern District of Missouri is an appropriate transferee forum for this litigation. The Eastern District of Missouri represents a readily accessible district with the capacity to handle this litigation and a relatively low number of pending MDL dockets. By centralizing this litigation before Judge Rodney W. Sippel, we are assigning this litigation to an experienced jurist who is familiar with the contours of this litigation by virtue of having presided over the most procedurally advanced action.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Missouri are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Rodney W. Sippel for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz            Robert L. Miller, Jr.
Kathryn H. Vratil            David R. Hansen

**IN RE: NUVARING PRODUCTS LIABILITY LITIGATION**          MDL No.1964

## SCHEDULE A

<u>Northern District of Georgia</u>

Carmita T. Purdiman v. Organon Pharmaceuticals USA, Inc., et al., C.A. No. 2:08-6

<u>Eastern District of Missouri</u>

Sarah M. Jenn v. Organon International, Inc., et al., C.A. No. 4:07-1282
Janice Mitchell-McGuire v. Organon USA, Inc., et al., C.A. No. 4:07-1524
Robin L. Smith v. Organon International, Inc., et al., C.A. No. 4:08-292

<u>District of New Jersey</u>

Brianne Irons, et al. v. Organon USA, Inc., et al., C.A. No. 2:07-2802
Kathi Pieramico v. Organon USA, Inc., et al., C.A. No. 2:07-2803
Stephanie Ferrell Merello v. Organon USA, Inc., et al., C.A. No. 2:07-2874
Kristin Smith, et al. v. Organon USA, Inc., et al., C.A. No. 2:07-2876
Rebecca Winder, et al. v. Organon USA, Inc., et al., C.A. No. 2:07-2877
Laurie Scata, et al. v. Organon USA, Inc., et al., C.A. No. 2:07-2965
Krysti Michelle Zulpo v. Orgaonon USA, Inc., et al., C.A. No. 2:08-1037