UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE NUVARING PRODUCTS | ) | 4:08MD1964 RWS |
| LIABILITY LITIGATION | ) | |
| | ) | ALL CASES |

### MEMORANDUM AND ORDER

This multidistrict litigation action is the consolidation of more than 150 individual lawsuits for coordinated pretrial litigation. Defendants in this action (collectively refereed to as Organon) filed a motion to require Plaintiffs to file a master consolidated complaint. Plaintiffs initially objected to the motion but eventually consented to file a master complaint. On November 7, 2008, I granted Organon's motion noting it was by consent. Plaintiffs filed a master consolidated complaint on February 6, 2009.

On March 31, 2009, Organon filed a motion to dismiss the master consolidated complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Organon asserts that the complaint lacks the specificity to state a claim under the standard set by Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [citation omitted] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiffs oppose Organon's motion to dismiss on two grounds. First, Plaintiffs assert that Organon should be procedurally barred from asserting a motion under Rule 12(b)(6) because Organon has already filed answers in the underlying individual complaints. Rule 12(b) requires

any motion to dismiss under that Rule to be filed before any other responsive pleading is made. Plaintiffs argue that because Organon has filed answers in the underlying claims it cannot attempt to circumvent Rule 12(b) by filing a motion to dismiss the master consolidated complaint.

Second, Plaintiffs assert that the master consolidated complaint was never meant to replace the individual complaints. Plaintiffs assert that they agreed to file the master complaint as an administrative tool simply to place in one document all of the claims which are encompassed by the individual complaints. Plaintiffs argue that they never intended to have the master complaint become the subject of a motion to dismiss or other motion practice. None of the Plaintiffs have adopted the master consolidated complaint.

In its memorandum in support of its motion to require Plaintiffs to file a master consolidated complaint, Organon stated that a master complaint is useful because it brings together in one document all of the claims and theories of liability presented in the underlying cases. citing In re Wirebound Boxes Antitrust Litig., 128 F.R.D. 262 (D. Minn. 1989). Organon further acknowledged that a master consolidated complaint does not supercede the underlying cases and that consolidation of the claims is a matter of convenience and economy in administration. (Defs.' Memo. in Supp. 3)

In the In re Trasylol Products Liability Litig., MDL 1928, United States District Judge Donald M. Middlebrooks for the most part rejected motion practice against the master consolidated complaint in that action. 2009 WL 577726 (March 5, 2009 S.D. Fla.). He concluded that the master consolidated complaint in that MDL case was a document drafted as a compromise and attempt at efficiency. Id. at * 8. He concluded that the sufficiency of the claims in that case should be assessed with substantial leniency especially because "the information that

may or may not support Plaintiffs' claims is largely within the control of the Defendants." Id. He found that in the interests of justice the claims could go forward and would be more appropriately challenged at the summary judgment stage of the litigation. Id.

I too conclude that the filing of the master consolidated complaint in this action was simply meant to be an administrative tool to place in one document all of the claims at issue in this litigation. Neither Plaintiffs when they consented to filing a master complaint, nor I when I entered the order directing a master complaint to be filed, contemplated that Rule 12(b) motion practice would be pursued by Organon against the master complaint. Organon had already filed answers in the individual lawsuits which precluded any 12(b) motion practice.

In addition, I find that any clarification Organon seeks regarding the claims asserted in the master consolidated complaint may be addressed through the discovery process in this litigation and ultimately challenged at the summary judgment stage of this case.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to dismiss the master consolidated complaint [#137] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2009.