UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE NUVARING PRODUCTS | ) | 4:08MD1964 RWS |
| LIABILITY LITIGATION | ) | |
| | ) | ALL CASES |

## MEMORANDUM AND ORDER

Defendants in this action (collectively referred to as Organon) have filed a motion for cost sharing for their review and production of electronically stored information generated during discovery. Organon seeks an order requiring Plaintiffs to share the costs and expenses it has incurred to date in responding to Plaintiffs' discovery requests as well as the expenses it will incur as discovery continues in this matter. As the basis of its motion Organon asserts that it has been and will continue to be subjected to an undue burden and expense in discovery. Because I do not find that Organon has established that it has been subjected to any more burdensome or expensive discovery than is normally incurred in complex litigation cases I will deny its motion.

At the inception of this multidistrict litigation action the parties reached an agreement which implicitly stated that the parties would be responsible for their own expenses incurred in responding to document production requests. Specifically, paragraph 33 of the Stipulated Protective Order entered on October 15, 2008 stated that Plaintiffs would establish a document depository which would benefit Organon by eliminating the expense to Organon of repeatedly producing documents in all of the individual cases. The order stated that Organon would produce the documents in an "electronic format; specifically , a TIFF format with LFP load file for Concordance." The order further stated that if Plaintiffs require production of documents "in a different format that the cost for same will *shift* to Plaintiffs." (emphasis added). The language

of the order clearly contemplates that the parties, as in the normal course of litigation, will pay their own costs and expenses incurred during the document production process unless that Plaintiffs ask for documents in a different format.

Organon asserts that Federal Rule of Civil Procedure 26 bestows a court with the power to order cost sharing to protect a party from undue discovery burden and expense. Organon also points out that the Federal Judicial Center's Manual for Complex Litigation directs courts managing MDL and other complex litigation to consider cost sharing as an incentive to the parties to conduct cost effective discovery and to propound tailored discovery requests. I agree that a court may impose cost sharing when it finds that a party is being subjected to an undue burden and expense during discovery. However, the Federal Rules also provide a party with relief from unreasonable and burdensome discovery requests through the use of motions for protective orders among other remedies.

It is not disputed that Organon has incurred considerable expenses to date in responding to Plaintiffs' discovery requests. However, Organon has failed to establish that Plaintiffs' discovery requests to date have caused it to incur an undue burden or expense. Organon asserts that its motion also seeks a cost sharing order as a form of prospective relief in an attempt to have Plaintiffs narrowly tailor their ongoing document requests. There is no evidence before me that any of Plaintiffs' prospective requests will be overburdensome. Instead of imposing a cost sharing obligation on Plaintiffs based on conjecture, I find that the better course for Organon is to file motions for protective orders specifically identifying the discovery which it deems to create an undue burden and expense. In that way I can address Organon's objections to discovery sought by Plaintiffs before Organon expends any effort or expense unduly.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion for cost sharing [#165] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2009.