UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE NUVARING® PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | 4:08 MDL 1964 RWS<br><br>ALL CASES<br><br>Honorable Rodney W. Sippel |

**EXHIBIT A TO AMENDED CASE MANAGEMENT ORDER NO. 3**
**(Common Benefit Participation Agreement)**

This Agreement is made this _____ day of _____, 2011, by and between the Plaintiffs' Executive Committee and Plaintiffs' Steering Committee appointed by the United States District Court for the Eastern District of Missouri in MDL No. 1964 and _____**[FILL IN THE NAME OF THE FIRM EXECUTING THE AGREEMENT]** (hereinafter "the Participating Attorneys").

WHEREAS, the United States District Court for the Eastern District of Missouri has appointed Roger C. Denton, Kristine K. Kraft and Hunter J. Shkolnik as the Plaintiffs' Executive Committee ("PEC"), and Paul D. Rheingold, Alex Alvarez, Carmen S. Scott, Mark Tate, Gregory McEwen, Mike Johnson, Richard Arsenault, Yvonne Flaherty, Eric Roberson, and Andrew J. D'Arcy to serve as members of the Plaintiffs' Steering Committee ("PSC"), and Kristine K. Kraft as Liaison Counsel to facilitate and conduct pretrial proceedings in the federal actions relating to venous thromboembolic and arterial thrombotic injuries associated with the use of NuvaRing.

WHEREAS, the PEC and PSC wish to set forth the agreements between themselves and their law firms for conducting the pretrial proceedings in the MDL, as well as sharing in any

common benefit fees and expenses that may be derived by the common benefit work, and establishing an amicable working relationship.

WHEREAS, the PEC and PSC in association with other attorneys working for the common benefit of all plaintiffs have developed and are in the process of developing work product which will be valuable in the individual cases in the MDL litigation as well as state court proceedings involving NuvaRing induced injuries (the " PEC and PSC Work Product"), and;

WHEREAS, the Participating Attorneys are desirous of acquiring the PEC and PSC Work Product and establishing an amicable, working relationship with the PEC and PSC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1. The PEC, PSC and Participating Attorneys agree that the decisions to manage this litigation for the common benefit for all plaintiffs shall be with the PEC and that Roger C. Denton shall be given the executive authority to direct the PEC, PSC and Participating Attorneys involved in the common benefit work.  The PEC, PSC, and Participating Attorneys further agree that the scope of the Common Benefit Work for which the PEC and PSC will be responsible is for the common pretrial discovery, but that the PEC and PSC has no obligation to participate in any individual trials, which are the responsibility of the individual lawyers who's clients are selected for any trials.

2. With respect to each client who they represent in connection with a NuvaRing related claim which is filed or pending in any federal court, any state court, unfiled or subject to a tolling agreement, each member of the PEC, PSC or Participating Attorneys shall deposit or cause to be deposited in an MDL Fee and Cost Account established by the District Court in the

MDL, a percentage proportion of the gross amount recovered by each such client which is equal to 11 % of the gross amount of recovery by each such client as fees and 4.5% as costs. For purposes of this Agreement, the gross amount of recovery shall also include the present value of any fixed and certain payments to be made to any plaintiff, claimant or her attorneys in the future.  Such contributions shall be made by the Defendants in an account established by Kristine K. Kraft as pursuant to Case Management Order No. 3 Common Benefit Order. If however, the Defendants fail to make any such contribution, the Participating Attorney shall make the contribution at the time of any settlement.  Further, for purposes of this Agreement, the parties agree to be bound by the Court's Amended Common Benefit Order upon entry of such Order.  A copy of said order is attached hereto as Exhibit "A."

3. The Participating Attorneys, as well as members of the PEC and PSC, on behalf of themselves and their law firms, their affiliated counsel, and their clients, hereby grant and convey to the PEC/PSC a lien upon and/or a security interest in any recovery by any client who they represent in connection with any NuvaRing induced injury to the full extent permitted by law, in order to secure payment in accordance with the provisions of Paragraph 1 of this Agreement.  The Participating Attorneys, PEC and PSC will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

4. The amounts deposited in the Common Benefit Fund shall be available for distribution to attorneys who have performed professional services or incurred expenses for the common benefit of the plaintiffs in the MDL 1964 that has been authorized by Lead Counsel as appointed by the Court on October 8, 2008 and subsequently by the PEC (as of the date of the Court's Order replacing Lead Counsel with the Plaintiffs' Executive Committee named herein)

and, timely submitted and verified. Such sums shall be distributed only upon an Order of the Court in MDL 1964 which will be issued in accordance with applicable law governing the award of fees and costs in cases involving the creation of a common benefit. The following guidelines may be considered by the Court and the Fee Committee, the members of which are listed in paragraph 12 below. Appropriate consideration will be given to the experience, talent and contribution made by all of those authorized to perform activities for the common benefit. While consideration will be given to the number of hours worked for the common benefit, the appropriate share of any common benefit will take into consideration the results of the work and how that work benefited the results of the litigation.

5. The PEC/PSC will provide Participating Attorneys with such work product and will otherwise cooperate with the Participating Attorneys to coordinate the MDL litigation for the benefit of all plaintiffs.

6. No assessment will be paid by the Participating Attorneys on any recovery resulting solely from a medical malpractice claim against a treating physician.

7. Upon execution of this Agreement, this PEC/PSC will provide to the Participating Attorneys, to the extent developed, the PEC/PSC Work Product, including access to the documents produced by the Defendants.

8. The Participating Attorneys shall have the following rights:

   a. Appropriate participation in discovery matters and appropriate assignments made by the PEC to develop pretrial discovery for the common benefit of all plaintiffs;

   b. Ongoing information concerning the development of pre-trial discovery;

9. PSC members shall have the right to meet and confer with the PEC as to input and strategy in the management of the pretrial proceedings as well as performing common benefit work at the direction of the PEC. PSC members can be added by a majority vote of the PEC/PSC.

10. PEC/PSC attorneys shall make capital contributions in such amount and times as determined by the PEC. Assessments shall we equally assessed upon each law firm who is a member of the PEC/PSC regardless of fee splitting arrangements made by firms on individual cases. Any assessments previously assessed shall be brought current within 10 days of executing this Agreement and shall remain current as to future assessments. A failure to pay an assessment can be a reason for the PEC to reject the submission of common benefit time for any such firm. Such assessments will be made to Kristine K. Kraft, as Liaison Counsel.

11. All common benefit time and expense submissions shall be on forms determined by the PEC and shall be made monthly. A failure to timely submit such fees/expenses can be a reason for the PEC to disallow such submission for common benefit payments. All PEC/PSC firms shall be allowed until January 31, 2012 to bring current any previous submissions of common benefit time/expenses, but then shall thereafter be required to make timely submissions. Common benefit time/expenses shall not include time/expenses on prosecuting individual claims, attending status conferences, telephone conferences or other work not directly assigned by the PEC. The PEC/PSC is not charged with the responsibility to worked up or try any individual case, this responsibility remains with the individual attorneys whose client has a case designated in the Bellwether or trial process. The PEC/PSC may agree to work as trial counsel on any individual case, but any compensation/expense arrangement will be separate and apart from this Agreement and made between trial counsel and the individual case attorney.

12. At appropriate times, a Fee Committee comprised of the PEC and four members of the PSC shall meet and confer to make recommendations to the Court for any disbursement of common benefit/fees and expenses. No individual attorney shall have a right to any common benefit fees/expenses until approved by the Court. Each Participating Attorney shall retain the right to object to any common benefit fee/expense recommend by the Fee Committee to the Court. A Fee Committee consisting of Roger C. Denton, Kristine K. Kraft, Hunter J. Shkolnik, Greg McEwen, Fred Thompson, Alex Alvarez, and Paul Rheingold shall be responsible for reviewing the attorneys' fees and costs submitted by the Participating Firms for the purpose of making recommendations to the Court for payment. Each individual member of the Fee Committee shall be entitled to vote on matters involving compensation.

13. The PEC, PSC and Participating Attorneys represent that the list appended hereto as Exhibit "A" correctly sets forth the name of each client represented by them who has filed a civil action arising from the use, marketing, and sale of NuvaRing together with the Court and docket number of each such case and that the list attached hereto as Exhibit "B" contains the name and Date of Birth of each client represented by them who has not yet filed a civil action arising from the use, marketing, and sale of NuvaRing.

14. The PEC, PSC Participating Attorneys shall supplement the lists appended hereto as Exhibit "A" and "B" on a quarterly basis, beginning with the first submission due on Feburary 28, 2012.

15. This Agreement shall apply to each and every claim or action arising from the use of NuvaRing in which the Participating Attorneys have a right to a fee recovery.

16. <u>Counterparts; Facsimile Signatures.</u>  This Agreement may be executed by the parties hereto in one or more counterparts, each of which shall be deemed an original but all of

which together will constitute one and the same instrument. For purposes of this Agreement, a document (or signature page thereto) signed and transmitted by facsimile machine or tele-copier is to be treated as an original document. The signature of any party thereon, for purposes hereof, is to be considered as an original signature, and the document transmitted is to be considered to have the same binding effect as an original signature on an original document. At the request of any party hereto, any facsimile or telecopy document is to be re-executed in original form by the parties who executed the facsimile or telecopy document.

**PARTICIPATING ATTORNEY**

_____

**PLAINTIFFS' EXECUTIVE COMMITTEE**

| | |
|---|---|
| _____ | _____ |
| Roger C. Denton | Kristine K. Kraft |
| _____ | |
| Hunter J. Shkolnik | |

**PLAINTIFFS' EXECUTIVE COMMITTEE**

| | |
|---|---|
| _____ | _____ |
| Paul D. Rheingold | Alex Alvarez |
| _____ | _____ |
| Carmen S. Scott | Mark Tate |
| _____ | _____ |
| Gregory McEwen | Mike Johnson |
| _____ | _____ |
| Richard Arsenault | Yvonne Flaherty |
| _____ | _____ |
| Eric Roberson | Andrew J. D'Arcy |