UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE NUVARING PRODUCTS       )       4:08MD1964 RWS
LIABILITY LITIGATION           )
                              )       ALL CASES

## MEMORANDUM AND ORDER

Defendants in this matter (Organon), filed three motions seeking to file documents relating to Daubert motions under seal. Organon asserted that these documents contained confidential and/or proprietary information that was covered by the protective order in this litigation. Organon also asserted that these documents were potentially inadmissible and a release of this "misinformation" to the public may be damaging to Organon's reputation.

Plaintiffs oppose keeping these documents under seal. They assert that there is a presumption that the public has a right of access to the courts and to judicial proceedings and that the documents at issue should be made available to the public.

On September 9, 2012, I issued an order that unsealed the Daubert motions and the memoranda in support. My order stated that the supporting documents in these motions would remain under seal pending further review.

"[H]istorically both civil and criminal trials have been presumptively open." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980). "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006)(internal quotation and citation omitted).

The protective order in this case designated as confidential any information that a party believes in good faith "constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26 or other applicable law." The protective order also contemplated that the use of confidential information at the trial of this matter, if the parties cannot reach an agreement, would be resolved by an order of the Court. Organon has not identified with particularity any trade secret which will be made public if the documents at issue are unsealed. The fact that the documents may call into question Organon's research and marketing of its NuvaRing product is not an uncommon allegation in this type of litigation. Although these allegations may ultimately be rejected by a jury, the public has a right to know the basis of the claims against Organon. I have conducted a review of Organon's motions and of the underlying documents and I find that Organon has not established a compelling interest to keep these documents under seal. As a result, these documents should be made available to the public.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motions to file <u>Daubert</u> motions under seal [#s 1282, 1284, 1286] are **DENIED**. The Clerk of Court shall unseal all the documents filed in support or opposition of all the <u>Daubert</u> motions filed in this matter.

                                                          RODNEY W. SIPPEL
                                                          UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2012.