# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NUVARING PRODUCTS LIABILITY LITIGATION | ) 4:08 MDL 1964 RWS<br>)<br>) ALL CASES<br>) |

## ORDER REGARDING SETTLEMENT AGREEMENT AND DEADLINES

This Court is advised that Organon USA, Inc. ("Organon") and a committee of plaintiffs' counsel appointed by this Court in cooperation with the state court Judge in the New Jersey coordinated proceedings ("Negotiating Plaintiffs Counsel" or "NPC") have negotiated a Master Settlement Agreement ("Agreement") to resolve claims against Organon and/or other defendants in the above matters ("Defendants") involving injuries occurring prior to February 7, 2014 alleged to result from the use of NuvaRing. The Agreement is attached as Exhibit A to this Order. The Agreement establishes a program (the "NuvaRing Resolution Program" or "Program") for the settlement of cases pending in this MDL No. 1964, cases pending in other federal courts but not yet transferred into MDL No. 1964 ("Other Federal Court Cases"), cases pending in the New Jersey Coordinated Proceeding ("New Jersey Coordinated Cases"), cases pending in any state court ("Other State Court Cases"), and any unfiled claims for which claimants provide notice to Defendants and the NPC in accordance with the terms of the Agreement, in which claimant alleges an injury occurring prior to February 7, 2014 resulting from the use of NuvaRing, provided that such claimants with unfiled claims must have signed a retainer agreement with an attorney for legal representation relating to the that claim prior to February 7, 2014 ("Unfiled Claims").

## I. AUTHORITY OF COURT TO OVERSEE SETTLEMENT

This Court has authority to preside over and manage various aspects of the Agreement and the NuvaRing Resolution Program, including, but not limited to, the entry of Orders establishing time frames for the completion of acts defined in the Agreement. Fed. R. Civ. P. 16(a)(5), (d); *In re Vioxx Prods. Liab. Litig.*, 650 F. Supp. 2d 549 (E.D. La. 2009); *In re Propulsid Prods. Liab. Litig.*, 2004 WL 305816 (E.D. La. 2004). The instructions herein are to be construed as the orders of this Court.

## II. NOTICE TO MDL PLAINTIFFS

All plaintiffs with cases pending in MDL No. 1964 on the date of the entry of this Order shall be given notice of this Order and of the Agreement. The Clerk of Court is hereby directed to file this Order in each individual case pending in this MDL (in addition to filing the Order on the general docket for this MDL applicable to all cases).

## III. ENROLLMENT OF PLAINTIFFS WITH PENDING CLAIMS

Plaintiffs with claims pending in this MDL No. 1964, Other Federal Court Cases, New Jersey Coordinated Cases, or Other State Court Cases on or prior to the entry of this Order who allege an injury occurring prior to February 7, 2014 resulting from the use of NuvaRing (collectively, "Eligible Plaintiffs") are permitted to enroll in, and be bound by the terms of, the NuvaRing Resolution Program. Plaintiffs with cases that were dismissed with prejudice prior to February 7, 2014 are not Eligible Plaintiffs, unless those cases are currently pending appeal on February 7, 2014. Eligible Plaintiffs who intend to participate in the NuvaRing Resolution Program must submit a "Notice of Intent to Opt In Form for Filed Claims," attached as Appendix A to the Agreement, by the "Opt-In Deadline" set forth in this Order (and extended as applicable under the terms of the Agreement).

**Eligible Plaintiffs who submit a "Notice of Intent to Opt In Form for Filed Claims" shall submit a complete Claim Package, as detailed in the Agreement, by the Claim Package Deadline, extended as appropriate to the Cure Deadline, to be eligible for an award under the NuvaRing Resolution Program. Enrollment in the Program is irrevocable, and the claims of Eligible Plaintiffs who submit a "Notice of Intent to Opt In Form for Filed Claims," but who do not timely submit a complete Claim Package, will not be eligible to receive any compensation under the Program and will be subject to a motion by Defendants for dismissal with prejudice following the Cure Deadline as set forth in the Agreement.** Each judge presiding over the claims of such Eligible Plaintiffs shall retain jurisdiction over those cases, including jurisdiction over the termination of Plaintiffs' rights to sue Defendants in those cases.

## IV. ENROLLMENT OF UNFILED CLAIMS

Any person who alleges an injury occurring prior to February 7, 2014 resulting from the use of NuvaRing, but who does not have a case pending against Defendants in state or federal court, and who submits to Organon and the NPC (i) a notification of their unfiled claim and intent to opt in to the Program ("Notice of Intent to Opt In Form for Unfiled Claims") pursuant to the terms of the Agreement in the form attached as Appendix C to the Agreement, together with (ii) a declaration signed by the claimant's counsel affirming that the claimant (or the claimant's personal representative) had signed a retainer agreement with that attorney or with his or her law firm prior to February 7, 2014 for legal representation of said claimant relating to an injury allegedly resulting from the use of NuvaRing ("Declaration of Counsel"), in the form attached as Appendix D to the Agreement, by the "Notification Deadline" set forth in this Order (and extended as applicable under the terms of the Agreement), is eligible for participation in the NuvaRing Injury Resolution Program ("Unfiled Claimants").

**All Unfiled Claimants (as defined above and set forth in the terms of the Agreement) who timely submit a Notice of Intent to Opt In Form for Unfiled Claims and Declaration of Counsel pursuant to the Agreement are enrolled in, and bound by the terms of, the NuvaRing Resolution Program. Under the terms of the Agreement, Unfiled Claimants enrolled in the Program shall submit a complete Claim Package, as detailed in the Agreement by the Claim Package Deadline, extended as may be appropriate to the Cure Deadline, both set forth in this Order, to be eligible for an award under the NuvaRing Resolution Program.** Enrollment in the Program is irrevocable, and Unfiled Claimants who do not timely submit a complete Claim Package will not be eligible to receive any compensation under the Program.

V.      NUVARING RESOLUTION PROGRAM DEADLINES

| | |
|---|---|
| **March 10, 2014** <br> **(by 11:59 p.m. C.T.)** <br> **(the "Notification Deadline")** | Date by which Unfiled Claimants may elect to participate in the NuvaRing Resolution Program by submitting the "Notice of Intent to Opt In Form for Unfiled Claims" and "Declaration of Counsel," pursuant to the terms of the Agreement. This date may be extended by agreement of the NPC and Defendants. |
| **March 10, 2014** <br> **(by 11:59 p.m. C.T.)** <br> **(the "Opt-In Deadline")** | Date by which Eligible Plaintiffs may elect to participate in the NuvaRing Resolution Program by submitting the "Notice of Intent to Opt In Form for Filed Claims," pursuant to the terms of the Agreement. <br><br> An extension of fifteen (15) days to the Opt-In Deadline may be sought from the Claims Administrator in accordance with the terms of the Agreement. In addition to such fifteen (15) day extension for individual plaintiffs seeking such an extension, the Claims Administrator, in the Claims Administrator's discretion, may allow an additional fifteen (15) days for plaintiffs to opt in to the NuvaRing Resolution Program under the terms of the Agreement. This date may be further extended by agreement of the NPC and Defendants. |

| | |
|---|---|
| **11:59 p.m. C.T. on the 45th day following the last day of the final extension of the Opt-In Deadline or Notification Deadline attributable to any Program participant** (the "Effective Date") | Date by which Organon may exercise its termination right under the Agreement. If Organon's termination right under the Agreement expires without previously having been exercised, this date shall become the Effective Date of the Agreement. |
| **Forty-five (45) days from the Effective Date** (the "Claim Package Deadline") | Date by which NuvaRing Resolution Program participants may submit Claim Packages seeking an award under the NuvaRing Resolution Program. |
| **Thirty (30) days after Notice sent by Claims Administrator notifying of Claims Package deficiencies** (the "Cure Deadline") | Date by which a NuvaRing Resolution Program participant must cure deficiencies in her Claim Package. Participants may seek an extension of an additional thirty (30) days from the Claims Administrator in accordance with the terms of the Agreement. |

## VI. FORM SUBMISSION

Notice of Intent to Opt In Forms for Filed Claims, Notice of Intent to Opt In Forms for Unfiled Claims, Declarations of Counsel, and Claim Packages must be submitted online at www.nuvaringofficialsettlement.com, in accordance with instructions provided therein by the Claims Administrator.

## VII. APPOINTMENT OF SPECIAL MASTER

The Court, by this Order, appoints Judge Daniel Stack as Special Master to hear motions to dismiss claims that fail to comply with the terms of the Agreement, and to recommend to this Court rulings on any other motions, as specified in the Agreement.

**IT IS SO ORDERED this 7th day of February, 2014.**

_____
HONORABLE RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE