IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE NUVARING® PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | 4:08 MDL 1964 RWS<br><br>ALL CASES<br><br>Honorable Rodney W. Sippel |

**FERRER, POIROT & WANSBROUGH'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDATION FOR COMMON BENEFIT ATTORNEY'S FEES**

Ferrer, Poirot & Wansbrough (FPW) hereby objects to the Special Master's Recommendation for its share of the common benefit attorney's fees because:

1. John T. Kirtley, III is a member of the Plaintiff's Steering Committee (PSC), and a member of Ferrer, Poirot & Wansbrough. Eric Roberson, prior to his leaving the firm, served on the Briefing Committee of the PSC and worked approximately 161 hours. At a reasonable rate of $350.00/hour, these fees exceed $56,000. Plaintiff's counsel is currently in London, England, from September 1, 2014 to September 8, 2014, on a vacation planned since June 11, 2014, and is without the benefit of the documentation at his disposal, for this writing. Nevertheless, FPW has submitted all necessary and appropriate documentation, and the Special Master possesses all necessary documentation and correspondence. Alternatively, the appropriate documentation can be supplied to the Court at a later date.

2. On Saturday, August 31, 2014, the Special Master recommended that FPW receive $6,000 to compensate them for their time spent on common benefit work.

3. FPW objects that this recommendation, if approved by the Court, is arbitrary, unjust, unreasonably inadequate and/or inequitable.

4. The Special Master has set a mediation schedule of September 4-5, 2014, for firms to attend in St. Louis, Missouri, to try and resolve any discrepancies or objections to his common benefit fee recommendations. FPW objects to this schedule in that it is impossible for FPW's counsel to comply with this schedule and attend mediation in St. Louis. The mediation schedule does not afford FPW to exhaust any administrative remedies, or appeals, it may have available, and FPW respectfully requests an extension of time to mediate any common benefit fee recommendation of the Special Master.

5. FPW objects to the Special Master's recommendation in that it is unclear as to what formula, process or procedure was used to determine what amount of common benefit fees would be recommended for approval by the Special Master. Furthermore, FPW objects that the common benefit fee approval process lacks transparency. FPW has no information as to the common benefit fee submissions of the other PSC members. FPW has no way of knowing what other PSC firms have contributed and what percentage their time represents to the whole time billed to the common fund. FPW has no meaningful way of adequately assessing the formula, process or procedure used by the Special Master, in determining the apportionment of fees, if such apportionment was based on any pro-rata share, of the common benefit money available. Accordingly, FPW respectfully requests that, like multiple claimants having a right to know the money that each other claimant is receiving in a settlement, ALL PSC member's fee request submissions be provided to ALL PSC members. Further, FPW respectfully requests an accounting of all common benefit fee submissions and approval recommendations.

6. FPW objects that the PSC originally had a fee committee composed of several PSC members. On information and belief, not all of those members were allowed to participate in the common benefit fee approval process.

7. FPW objects that the Special Master has not utilized all common benefit fee money available to be divided. The total common benefit money available is around $11 million. However, the Special Master has indicated that approximately $1 million would be "held back" pending "administrative expenses/time" spent in concluding the settlement. The claimants participating in the settlement have been determined. All claims have been submitted and are awaiting final approval. There is no more "common benefit" time anticipated to be incurred, as all settlements will be the responsibility of each claimant's counsel. Therefore, there is no reason not to include ALL money available for common benefit fee approval/division. Accordingly, all common benefit money should be restored to the common benefit fee pool and available for common benefit fee approval.

WHEREFORE, FPW incorporates this objections into its Motions it is filing contemporaneously herewith, prays that these objections be sustained and that its contemporaneous Motions be granted. FPW prays for such other appropriate relief.

Respectfully submitted,

FERRER, POIROT & WANSBROUGH

/s/John T. Kirtley, III
JOHN T. KIRTLEY, III
Missouri Bar No. 60568
2603 Oak Lawn Ave., Suite 300
P.O. Box 199109
Dallas, Texas 75219
(214) 521-4412
(214) 526-6026 Fax
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that, pursuant to the Federal Rules of Civil Procedure, served on all counsel of record via electronic means by the clerk, via United States mail, confirmed receipt delivery on this 2nd day of September 2014.

/s/John T. Kirtley, III
John T. Kirtley, III
