IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE NUVARING® PRODUCTS LIABILITY LITIGATION | ) 4:08 MD 1964 RWS ) ) ALL CASES ) ) Honorable Rodney W. Sippel |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THE ENTRY OF AN ORDER REQUIRING CERTAIN NON-PARTICIPATING PLAINTIFFS TO SHOW CAUSE WHY THEIR COMPLAINTS SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S FEBRUARY 7, 2014 ORDER**

1. INTRODUCTION

Defendants submit this Memorandum of Law in support of their Motion for the entry of an Order requiring certain Plaintiffs represented by Blau Leonard Law Group LLC and Rheingold Valet & Rheingold, PC (collective "Blau/Rheingold"),[1] to show cause why this Court should not dismiss their complaints with prejudice. These Plaintiffs have failed to comply with the Court's February 7, 2014 Order and therefore, pursuant to the clear terms of that Order, they must now demonstrate good cause for their non-compliance to avoid the dismissal of their cases.

2. FACTUAL BACKGROUND

A. **This Court's February 7, 2014 Order Provides Clear Requirements That Plaintiffs Who Elected Not To Participate in the NuvaRing Resolution Program Must Satisfy To Continue Litigating Their Cases.**

On February 7, 2014, counsel for Defendants and court-appointed Plaintiffs' Negotiating Counsel reached a Master Settlement Agreement (MSA) in principle to resolve claims involving injuries allegedly related to the use of NuvaRing®. The MSA established a resolution program

---
[1] Plaintiffs subject to this Motion are identified at Exhibit A to this Memorandum.

open to all Plaintiffs with a qualifying injury who (1) identified their claim in response to the Census Orders entered by this Court, or (2) who had filed a complaint that was pending in this MDL, the New Jersey Coordinated Proceeding, or in another state court. On February 7, 2014, the Court held a Case Management Conference and announced that an agreement in principle had been reached, and that a resolution program was available to "Eligible Claimants," as defined by the MSA. On that same date, and in furtherance of the MSA, this Court entered an Order, which pertains to Plaintiffs who elect not to participate in the NuvaRing resolution program. *See* Order Regarding Preservation of Records and *Prima Facie* Evidence of Usage, Injury and Causation Requirements for Pending Cases Not Participating in the NuvaRing Resolution Program and Newly Filed or Transferred Cases ("February 7, 2014 Order"), Docket No. 1680, attached as Exhibit 1 to Declaration of Melissa A. Geist submitted in support of this Motion.

The Court's February 7, 2014 Order sets forth clear, prima facie requirements that a non-participating Plaintiff must satisfy to continue litigating her case outside of the resolution program. The Order likewise applies to Plaintiffs filing complaints after February 7, 2014 ("newly filed cases," per the Order) that are not a part of the resolution program. The provisions of the February 7, 2014 Order require both non-participating Plaintiffs and Plaintiffs with newly filed cases to provide: a Plaintiff Fact Sheet; medical records from a variety of healthcare providers pertaining to product use, alleged injury, and prior medical history; certifications relating to records preservation efforts and medical records collection efforts; and expert reports on general and specific causation that comply with the requirements of Federal Rule of Civil Procedure 26(a)(2). The February 7, 2014 Order further provides that in the event a Plaintiff fails to comply with the requirements of the Order, and fails to cure the deficiencies within the

permitted time period, Defendants may, after attempting to engage in a meet and confer, file a Motion to Show Cause why the case should not be dismissed with prejudice. (See February 7, 2014 Order at III(D)).

### B. Plaintiffs Have Failed To Comply With The Court's February 7, 2014 Order.

The February 7, 2014 Order includes a number of provisions to ensure that adequate notice is provided, an opportunity to cure is available, and due process considerations are met before a case is dismissed for failure to comply. Defendants have complied with every requirement set forth in the Court's Order. *See* Declaration of Melissa A. Geist. Plaintiffs were provided notice of the Order via the Court's electronic filing (ECF) system. After Plaintiffs failed to comply with the requirements of the Order during the requisite time period, Defendants provided written Notice of the Failure to Comply. (*See* Geist Decl. ¶ 6). As set forth in the Court's Order, Defendants also advised Plaintiffs that they had an additional 30-day "Cure Period" to comply after receiving notice of their deficiencies. (*Id.*). Defendants requested a meet and confer with Blau/Rheingold regarding Plaintiffs' failure to comply with the Court's February 7, 2014 Order. (*See* Geist Decl. ¶ 7). As set forth in the accompanying Declaration of Melissa Geist, Plaintiffs' counsel informed Defendants that they would not be able to comply with the February 7, 2014 Order during the meet and confer process and Plaintiffs remain out of compliance with the February 7, 2014 Order.

As a result, it is undisputed that Plaintiffs subject to this Motion were provided with adequate, and indeed multiple, notices of the requirements that needed to be met to avoid dismissal of their case. In fact, to further address due process considerations, this Court discussed at length the requirements of the February 7, 2014 Order and the consequence of failing to meet the deadlines set forth therein at multiple case management conferences.

Specifically, this Court addressed the requirements of the February 7, 2014 Order at case management conferences held on February 7, 2014 and July 25, 2014. And, to ensure that non-Participating Plaintiffs had notice of the impending deadlines, the Court issued a second Order on July 25, 2014, which informed the parties that the deadlines were fast approaching:

> The time for compliance with all pre-trial deadlines set forth in the Court's Order Regarding Preservation of Records and Prima Facie Evidence of Usage, Injury and Causation Requirements for Pending Cases Not Participating in the NuvaRing Resolution Program and Newly Filed or Transferred Cases, entered February 7, 2014 (Doc. #1680) will begin to run on August 1, 2014, for cases not participating in the NuvaRing Resolution Program. **These deadlines will apply to your case**.

(*See* Geist Decl. ¶ 5)

The following Plaintiffs represented by Blau/Rheingold have received due notices, have failed to cure the deficiencies, and are now subject to this Motion:

> *Connolly, Aoife v. Organon et al.*; No. 4:09-cv-01504-RWS
> *Delaney, Elizabeth v. Organon et al.*; No. 4:10-cv-00767-RWS
> *Fontanez, Sheila v. Organon et al.*; No. 4:12-cv-01682-RWS
> *Plasencia, Melissa v. Organon et al.*; No. 4:10-cv-00062-RWS
> *Reeves, Kathryn v. Organon et al.*; No. 4:08-cv-02001-RWS
> *Rivera, Rosalie v. Organon et al.*; No. 4:11-cv-02074-RWS
> *Spencer, Tiana v. Organon et al.*; No. 4:13-cv-02604-RWS

The Court's February 7, 2014 Order expressly states that, after Defendants have provided notice of the failure to comply, "[i]f Plaintiff fails to cure the deficiency within the Cure Period, Defendants' Liaison Counsel . . . may file a Motion to Show Cause why that case should not be dismissed with prejudice." (*See* Geist Decl. ¶ 2) Despite receiving notification of the deadlines to comply with the requirements set forth in the Court's February 7, 2014 Order, non-participating Plaintiffs have not met their obligations and cannot continue to prosecute their case. Therefore, pursuant to the terms of the Court's Order, Defendants respectfully request that

the Court enter an Order requiring Plaintiffs to show good cause why their cases should not be dismissed with prejudice.

### 3. ARGUMENT

To encourage efficiency and effectively manage its dockets, "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, *including the dismissal of cases for failure to comply with its order.*" Freeman v. Wyeth Pharm., Inc., __ F.3d __, 2014 WL 3929103, No.:13-3556 (8th Cir., Aug. 14, 2014) at *4 (emphasis added). This Court's Local Rule governing case management orders further establishes the discretionary role of the MDL judge, by providing that "[f]ailure to comply with the CMO may result in the imposition of sanctions by the Court, including but not limited to dismissal of the action." E.D. Local Rule 5.04.

Here, the Court's February 7, 2014 Order sets forth in clear terms the obligations required of a Plaintiff electing not to participate in the NuvaRing Resolution Program or a Plaintiff filing a case after the entry of the Order. Without justification or excuse, Plaintiffs subject to this Motion have failed to comply with the requirements of the Court's Order despite the multiple notices provided by both this Court and Defendants. It is exceedingly apparent that these Plaintiffs have no desire to continue to prosecute their cases, as the meet and confer discussions have not resulted in a single Plaintiff subject to this Motion seeking an extension of time to comply or expressing an intention to move forward with her case. (*See* Geist Decl. ¶¶ 8, 12). Accordingly, the multiple provisions in the Court's Order to ensure due process considerations have been met, and the Court should now proceed to enter an Order requiring the subject Plaintiffs to show good cause why their cases should not be dismissed with prejudice.

Should any Plaintiff file a timely opposition to the Motion to Show Cause, Defendants request the opportunity to file a reply within fourteen days.

### 4. CONCLUSION

For the reasons set forth above, Defendants request that this Court enter an Order requiring Plaintiffs subject to the accompanying motion to show good cause why their Complaints should not be dismissed with prejudice.

DATED: December 5, 2014

Respectfully submitted,

/s/ Melissa A. Geist
Melissa A. Geist
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
(609) 987-0050

Thomas J. Yoo
REED SMITH LLP
355 S. Grand Avenue
Suite 2900
Los Angeles, CA 90071
(213) 457-8000

Dan H. Ball
Stephen G. Strauss
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
(314) 259-2000

Attorneys for Defendants Organon USA, Inc., Organon Pharmaceuticals USA, Inc. LLC (f/k/a Organon Pharmaceuticals USA, Inc.), Organon International, Inc., Schering Corporation and Merck & Co., Inc. (f/k/a Schering-Plough Corporation)

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2014, I filed the foregoing via the Court's electronic case filing system, which will cause it to be served on the counsel of record.

*/s/ Melissa A. Geist*

# EXHIBIT A

## Plaintiffs Represented By Blau/Rheingold Subject To The Entry Of The Order To Show Cause

1. Connolly, Aoife v. Organon et al.; No. 4:09-cv-01504-RWS

2. Delaney, Elizabeth v. Organon et al.; No. 4:10-cv-00767-RWS

3. Fontanez, Sheila v. Organon et al.; No. 4:12-cv-01682-RWS

4. Plasencia, Melissa v. Organon et al.; No. 4:10-cv-00062-RWS

5. Reeves, Kathryn v. Organon et al.; No. 4:08-cv-02001-RWS

6. Rivera, Rosalie v. Organon et al.; No. 4:11-cv-02074-RWS

7. Spencer, Tiana v. Organon et al.; No. 4:13-cv-02604-RWS